UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL MILLER, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>CONSEQUENCE MEDIA, LLC, a Florida limited liability company, individually and doing business as "CONSEQUENCEOFSOUND.NET"; and DOES 1-10,<br><br>Defendants. | Case No.: 1:21-cv-5746<br><br>**PLAINTIFF'S COMPLAINT FOR**:<br><br>1. COPYRIGHT INFRINGEMENT<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>3. VIOLATION OF THE DIGITAL MILLENIUM COPYRIGHT ACT (17 U.S.C. §1202)<br><br>Jury Trial Demanded |

Plaintiff, Michael Miller ("Miller"), by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

1. Miller is a renowned professional photographer with a remarkable body of work, who has created compelling and intimate images of artists, performers, and celebrities, amongst other subjects. A$AP Rocky, Jack Nicholson, Eazy E, Angelina Jolie, and Tupac Shakur are some of the personalities depicted in his portfolio. He has also collaborated with high-level brands such as Ferrari and Puma, published two books of his work, and has exhibited his Shakur photographs at the California African American Museum, the Getty Institute Museum, and the New York Public Library.

2. Miller brings this claim to seek redress for the unauthorized and unlawful publishing and exploitation of his original photography by Defendant. Defendant CONSEQUENCE MEDIA, LLC, individually, and doing business as "consequenceofsound.net" (collectively "CONSEQUENCE") unlawfully published and displayed Miller's photography on

its online magazine. Miller at no time sought to associate his work with Defendant or any of its affiliates.

3. This unauthorized usage constituted copyright infringement, amongst other things, as set forth below.

## JURISDICTION AND VENUE

4. This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101, *et seq*, and Cal. Civ. Code 3344(a).

5. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

6. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

7. Miller is an individual residing in the state of California in the United States.

8. Plaintiff is informed and believes and thereon alleges that Defendant CONSEQUENCE MEDIA, LLC is a Florida limited liability company, doing business as "consequenceofsound.net" with its principal place of business located at 450 Park Avenue South, New York, New York 10016.

9. Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sue said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

10. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO SUBJECT PHOTOGRAPH

11. Miller created and owns all rights in the original photograph of famed hip-hop artist Tupac Shakur ("Subject Photograph"). The Subject Photograph is set forth in the tables below.

12. The Subject Photograph was registered with the United States Copyright Office, with all formalities satisfied, before the infringement at issue. Plaintiff is informed and believes and thereon alleges that Defendants accessed the Subject Photograph and then exploited them without the authorization of Plaintiff. Defendants, and each of them, exploited the Subject Photograph by incorporating same into their online magazine (collectively the "Accused Work"). A non-inclusive exemplar of the Accused Work is set forth below alongside the corresponding photograph. These exemplars are not meant to encompass all Accused Work; the claims made herein are as to any image published, displayed, licensed, distributed and/or sold by Defendants, and/or each of them, that incorporate without permission, in whole or in part the Subject Photograph. The Subject Photograph is referred to below.

/ / /

/ / /

/ / /

| Subject Photograph: | Accused Work: |
|---|---|
|  | |

13.     A comparison of the Subject Photograph with the corresponding image on the Accused Work reveals that the elements, composition, colors, arrangement, subject, lighting, angle, and overall appearance of the images are identical or at least substantially similar.

14.     On information and belief, Plaintiff alleges that CONSEQUENCE, along with DOE Defendants, were involved in creating and/or developing the Accused Work, and/or supplying, marketing distributing, selling, and otherwise providing the Accused Work to third parties, including without limitation, the public.

15.     Plaintiff at no time authorized Defendants, or any of them, to use the Subject Photograph as complained of herein.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

16. Miller repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

17. Miller is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Photograph, including, without limitation, through viewing the Subject Photograph in or on Miller publications, profiles, exhibitions, websites and/or through other authorized channels, over the internet, including without limitation as accessed via a search engine, or through a third-party source. Access is also established by the striking similarity of the Subject Photograph and the photographs on the Accused Work.

18. Miller is further informed and believes and thereon alleges that certain Defendants have an ongoing business relationship with one or more of the other Defendants, and that those parties conspired to traffic in the Accused Work.

19. Defendants, and each of them, infringed Miller's rights by copying the Subject Photograph, and distributing the Accused Work, without Miller's authorization or consent.

20. Due to Defendants', and each of their, acts of infringement, Miller has suffered actual, general and special damages in an amount to be established at trial.

21. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Miller's rights in the Subject Photograph. As such, Miller is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Photograph in an amount to be established at trial.

22. Miller registered the Subject Photograph with the U.S. Copyright Office before the commission of the infringement at issue and on that basis seeks statutory damages in an amount up to $150,000.00 per photograph per the Copyright Act.

23. Miller is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting

Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

24. Miller repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

25. Miller is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photograph as alleged hereinabove. Defendants, and each of them, realized profits through their respective obtainment, sales and distribution of the Accused Work.

26. Miller is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, each Defendant had the ability to oversee the development, publication, and distribution of the infringing imagery at issue. And, Defendants, and each of them, realized profits through their respective obtainment, marketing and distribution of the Accused Work.

27. By reason of Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Miller has suffered and will continue to suffer substantial damages to his business in an amount to be established at trial, as well as additional actual, general, and special damages in an amount to be established at trial.

28. Miller registered the Subject Photograph with the U.S. Copyright Office before the commission of the infringement at issue and on that basis seeks statutory damages in an amount up to $150,000.00 per photograph per the Copyright Act.

29. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have

realized but for their infringement of Miller's rights in the Subject Photograph. As such, Miller is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Photograph, in an amount to be established at trial.

30. Miller is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

### THIRD CLAIM FOR RELIEF

(For Violations of the 17 U.S.C. §1202 – Against all Defendants, and Each)

31. Miller repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

32. The Subject Photograph was routinely published with attribution, credit, and other copyright management information identifying Miller as the author.

33. Miller alleges on information and belief that Defendants, and each of them, removed Plaintiff's copyright management information, as described above, from the Subject Photograph, and/or added false copyright management information to the Subject Photograph, before distributing and publishing same.

34. Miller alleges on information and belief that Defendants, and each of them, distributed and published the Subject Photograph via its website, under its own name, and removing Plaintiff's attribution information, including without limitation his name and/or metadata.

35. The aforementioned facts constitute "copyright management information" as that phrase is defined in 17 U.S.C. §1202(c) and is false.

36. When Defendants distributed and published the Subject Photograph, they knowingly provided and/or distributed false copyright management information in violation of 17 U.S.C. §1202(a). As a result of the foregoing, Plaintiff has been damaged and may recover

those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under 17 U.S.C. §1203.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

### Against All Defendants

Wherefore, Plaintiff prays for judgment as follows against all Defendants and with respect to each claim for relief:

a. That Defendants, their affiliates, agents, and employees be enjoined from infringing Plaintiff's copyrights in and to the Subject Photograph.

b. That Plaintiff be awarded all profits of Defendants, and each, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages to the extent they are available under the Copyright Act, 17 U.S.C. §§ 504, 1203, *et seq.*;

c. That Plaintiff be awarded its costs and attorneys' fees to the extent they are available under the Copyright Act U.S.C. §§ 505, 1203, *et seq.*

d. That a trust be entered over all Accused Work, and all profits realized through the sales and distribution of said work;

e. That Defendants, and each of them, be enjoined from any further use of the photography at issue and/or the distribution of any production incorporating same.

f. That Plaintiff be awarded pre-judgment interest as allowed by law;

g. That Plaintiff be awarded the costs of this action; and

h. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury in this action of all issues so triable.

Dated: Brooklyn, New York
July 2, 2021

Respectfully Submitted,

DONIGER / BURROUGHS

By: /s/ *Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Laura M. Zaharia, Esq.
231 Norman Avenue, Suite 413
Brooklyn, New York 11222
(310) 590-1820
*Attorneys for Plaintiff*